**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF MISSISSIPPI**
**JACKSON DIVISION**

**NATHANIEL WALLACE, JR.**                                                                                      **PLAINTIFF**

**v.**                                       **CAUSE NO. 3:11-CV-567-CWR-FKB**

**FORD MOTOR COMPANY**                                                            **DEFENDANT**

**ORDER**

Before the Court is Ford Motor Company's motion for summary judgment on Nathaniel Wallace, Jr.'s punitive damages claim. Wallace has responded in opposition and Ford has replied. After considering the facts, arguments, and applicable law, the motion will be granted.

**I.**     **Factual and Procedural History**

On July 6, 2008, Mississippi State Trooper Nathaniel Wallace, Jr. was driving his state-issued 2008 Ford Crown Victoria in Clarke County, Mississippi, while on duty. The vehicle ran off the road and struck a tree, causing him to suffer injuries.

The parties agree that a bolt in the vehicle's suspension system fractured, but disagree about whether that fracture was a cause or a byproduct of the crash. Wallace contends that the bolt was defectively manufactured and that its failure caused him to lose control of the vehicle. Ford has argued in other briefing that the accident was caused by Wallace's speed – approximately 60 mph in a 55 mph zone, it asserts – while traveling on wet pavement, and that the accident's impact caused the bolt to fracture, not the other way around.

In July 2011, Wallace filed this suit in the Circuit Court of Hinds County, Mississippi, bringing a variety of negligence, warranty, contract, and product liability claims. Ford removed the case to this Court shortly thereafter.

**II.**     **Present Arguments**

Ford's primary contention is that Wallace "has failed to show, and cannot show, by clear and convincing evidence that Ford acted fraudulently or with 'gross negligence which evidences a willful, wanton or reckless disregard for the safety of others' within the meaning of Mississippi Code § 11-1-65." Docket No. 120, at 1.

Wallace responds that "substantive law in Mississippi dictates no decision on punitive damages claim is allowed until after a compensatory verdict is rendered. Failure to do so is

reversible error." Docket No. 128, at 1 (citing *Bradfield v. Schwartz*, 936 So. 2d 931 (Miss. 2006)).

### III. Legal Standard

Summary judgment is appropriate when "the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). A party seeking to avoid summary judgment must identify admissible evidence in the record showing a fact dispute. *Id.* at 56(c)(1). The Court views the evidence and draws reasonable inferences in the light most favorable to the non-movant. *Maddox v. Townsend and Sons, Inc.*, 639 F.3d 214, 216 (5th Cir. 2011).

### IV. Discussion

#### A. Substantive Law

Because this case is proceeding in diversity, the applicable substantive law is that of the forum state, Mississippi. *Capital City Ins. Co. v. Hurst*, 632 F.3d 898, 902 (5th Cir. 2011); *Smith v. Goodyear Tire & Rubber Co.*, 495 F.3d 224, 228 (5th Cir. 2007). State law is determined by looking to the decisions of the state's highest court. *St. Paul Fire and Marine Ins. Co. v. Convalescent Services, Inc.*, 193 F.3d 340, 342 (5th Cir. 1999).

The Mississippi legislature has established the following standard for a plaintiff's recovery of punitive damages:

> Punitive damages may not be awarded if the claimant does not prove by clear and convincing evidence that the defendant against whom punitive damages are sought acted with actual malice, gross negligence which evidences a willful, wanton or reckless disregard for the safety of others, or committed actual fraud.

Miss. Code § 11-1-65(1)(a). These damages may be awarded "as punishment for the defendant's wrongdoings so that others may be deterred from similar offenses." *Gordon v. Nat'l States Ins. Co.*, 851 So. 2d 363, 366 (Miss. 2003) (citation omitted).

In considering whether punitive damages are appropriate to place before the jury, a trial court must first examine "[t]he totality of the circumstances and the aggregate conduct of the defendant." *Bradfield*, 936 So. 2d at 937 (quotation marks and citations omitted). The question is whether "a reasonable, hypothetical trier of fact could find either malice[,] gross neglect/reckless disregard," or fraud. *Doe ex rel. Doe v. Salvation Army*, 835 So. 2d 76, 81 (Miss. 2003) (citation omitted).

"Mississippi law does not favor punitive damages; they are considered an extraordinary

remedy and are allowed with caution and within narrow limits." *Warren v. Derivaux*, 996 So. 2d 729, 738 (Miss. 2008) (quotation marks and citation omitted).

### B. Analysis

Wallace's precise argument was considered and rejected by this Court in *Tatum v. Kelley*. In that case, the undersigned summarized the plaintiff's argument against the defendant's motion for summary judgment on punitive damages as follows:

> Tatum contends that "no decision on punitive damages should be made until the jury first determines the question of compensatory damages." Docket No. 88, at 2. She asserts that Mississippi law "dictates that a punitive damages claim may not be dismissed and the court is required to submit a punitive damages claim to the jury after a compensatory verdict is rendered. Failure to do so is reversible error." Docket No. 89, at 2 (citing *Bradfield v. Schwartz*, 936 So. 2d 931 (Miss. 2006)).

*Tatum v. Kelley*, No. 3:11-CV-117, 2012 WL 956409, at *2 (S.D. Miss. Mar. 20, 2012).

This Court disagreed. A review of Mississippi case law showed that "[t]rial courts may grant summary judgment on punitive damages claims when the evidence is so lacking that no reasonable jury could impose punitive damages." *Id.* at *3 (citation omitted). There were, in fact, "a number of cases from [the United States District Court for the Southern District of Mississippi] granting summary judgment on punitive damages." *Id.* at *2 (collecting cases). Several of those decisions involve Wallace's attorneys. *See Lee v. Harold David Story, Inc.*, No. 3:09-CV-696, 2011 WL 3047500, at *2 n.3 (S.D. Miss. July 25, 2011) ("Plaintiff's argument that claims for punitive damages are as a matter of policy insulated from consideration and dismissal via summary judgment is without merit."); *Carter v. Steve Cagle Trucking Co.*, No. 3:08-CV-270, 2010 WL 1141147, at *2 (S.D. Miss. Mar. 22, 2010) (granting the defendant's motion for summary judgment on the punitive damages claim); *Bridges v. Enter. Prods. Co., Inc.*, No. 3:05-CV-786, 2007 WL 2301230, at *4 (S.D. Miss. Aug. 7, 2007) (declining to submit the question of punitive damages to the jury).

The oft-cited *Bradfield* decision does not support Wallace's argument. There, the Mississippi Supreme Court wrote that "in order for the issue of punitive damages to warrant jury consideration, [the plaintiff] must show that a question of fact exists as to whether the aggregate of [the defendant's] conduct . . . evidences willful or wanton conduct or the commission of fraud." *Bradfield*, 936 So. 2d at 937. Although the court did proceed to clarify the procedure by which a jury could consider a claim for punitive damages, *id.* at 938-39, it did not hold that a plaintiff who fails

3

to produce any evidence at the summary judgment stage that could support a claim of punitive damages may press on and seek punitive damages at trial. *See also Bridges*, 2007 WL 2301230, at *4 ("The Court does not read *Bradfield* so broadly."); *Barnett v. Skelton Truck Lines, Ltd.*, No. 2:05-CV-2047, 2006 WL 2056632, at *4 (S.D. Miss. July 21, 2006) ("This court concludes that the plaintiff is reading *Bradfield* much too broadly.").

"A party opposing . . . a summary judgment motion may not rest upon mere allegations contained in the pleadings, but must set forth and support by summary judgment evidence specific facts showing the existence of a genuine issue for trial." *Ragas v. Tenn. Gas Pipeline Co.*, 136 F.3d 455, 458 (5th Cir. 1998) (citation omitted); *see* Fed. R. Civ. P. 56(c)(1); *McFaul v. Valenzuela*, 684 F.3d 564, 571 (5th Cir. 2012) ("Summary judgment may not be thwarted by conclusional allegations, unsupported assertions, or presentation of only a scintilla of evidence.") (citation omitted).

Wallace's failure to produce any evidence in response to this motion for summary judgment, much less identify a fact issue for trial on his punitive damages claim, means summary judgment is appropriate on this claim.

**V.     Conclusion**

The motion is granted.

**SO ORDERED**, this the 11th day of June, 2013.

s/ Carlton W. Reeves
UNITED STATES DISTRICT JUDGE
